IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PNC Mortgage,<br><br>    Plaintiff,<br><br>v.<br><br>John H. Hatton and Kristine W. Hatton,<br><br>    Defendants. | Case No. 2:10-cv-1101-DB<br><br>**REPORT AND RECOMMENDATION**<br><br>Magistrate Judge Samuel Alba |

On November 5, 2010, Plaintiff PNC Mortgage filed a complaint for declaratory relief against pro se Defendants John H. Hatton and Kristine W. Hatton, and the case was assigned to United States District Judge Dee Benson. (Doc. 2.) On April 6, 2011, Defendants filed a motion for summary judgment. (Doc. 15.) The next day, Judge Benson referred this case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B). On July 27, 2011, the court held arguments on that motion. (Doc. 25.)

Having carefully reviewed the parties' pleadings and the record in this case, and having heard oral arguments, the court recommends that the motion for summary judgment be denied.

**ANALYSIS**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Genuine disputes are those that are supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *Id.* at 247-48. In considering whether there is a triable factual dispute, the court views all evidence and draws all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See id.* at 255; *Burke v. Utah Transit Auth. & Local 382,* 462 F.3d 1253, 1258 (10th Cir. 2006), *cert. denied*, 550 U.S. 933 (2007).

The court concludes that summary judgment is not appropriate in this case because genuine disputes regarding material facts currently exist. For example, during oral arguments, the Hattons explained that they do not know who Plaintiff is and what Plaintiff's connection is to National City Mortgage, the entity from whom they borrowed money and who is listed on the Note and Deed of Trust submitted to the court. Defendants argue that because they do not know what the connection is between Plaintiff and National City Mortgage, they do not know if Plaintiff is the appropriate entity to whom they should make their loan payments.

Plaintiff, on the other hand, alleges - but without offering any evidentiary support - that it is "a division of PNC Bank NA as successor by merger to National City Mortgage, a division of National City Bank." (Doc. 2, at 1.) These disputed facts are absolutely material to this case.

## RECOMMENDATION

Based upon the above analysis, **IT IS RECOMMENDED** that the court **DENY** Defendants' motion for summary judgment (Doc. 15) because genuine disputes regarding material facts currently exist in this case.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within fourteen (14) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 11th day of August, 2011.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge